

**SO ORDERED.**

**SIGNED this 20 day of August, 2008.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                              CASE NO.

**ROBERT YOUNG ALEXANDER**                      06-00250-5-ATS
**LAURA SHILTZ ALEXANDER**

      **DEBTORS**

### ORDER REGARDING DEBTORS' MOTION TO REOPEN

The matter before the court is the motion filed by the chapter 7 debtors, Robert Young Alexander and Laura Shiltz Alexander, to reopen their case to file a motion for sanctions against Cemex Construction Materials, L.P. A hearing took place in Raleigh, North Carolina on August 20, 2008.

The Alexanders filed a petition for relief under chapter 7 of the Bankruptcy Code on February 24, 2006, and the discharge and final decree were entered on July 27, 2006. Cemex is a creditor of Atlantic Concrete Systems ("ACS"), a corporation in which Mr. Alexander was a shareholder. On July 26, 2007, Cemex filed a motion to delay discharge,[1] and on August 1, 2007, Cemex filed an amended motion for revocation of discharge and request to reopen closed case. The same document was re-docketed on August 14, 2007. A hearing was held on the motion to reopen

---

[1] This motion appears on the docket after the entry of the discharge, but there is no indication why the docket entries are not in chronological order.

and to set aside the discharge on September 27, 2007, and an order denying the motion to reopen was entered on October 2, 2007.

In its motion to reopen and set aside the discharge, Cemex alleged that it was not listed as a creditor and had no notice of the case, that Mr. Alexander improperly transferred funds from ACS into his personal accounts, that the ACS corporate veil should be pierced with respect to Mr. Alexander, and that the debtors obtained their discharge through fraud. Cemex asked the court to reopen the case so that it could file an adversary proceeding to determine the question of dischargeability. At the hearing on September 27, 2007, the court took extensive evidence and concluded that Cemex did not meet its burden of proof to justify reopening the case. The court found that "[i]t does not appear that Cemex is a creditor of the Alexanders, and Mr. Alexander's explanation of the financial records and the financial operations of ACS was credible." The court denied the motion, but left open the possibility that the chapter 7 trustee could request to have the case reopened and the discharge revisited.

On March 3, 2008, Cemex filed a lawsuit against Mr. Alexander in the North Carolina Superior Court for Wake County, alleging claims for fraud, fraudulent transfers and piercing the corporate veil. Mr. Alexander filed a motion to dismiss the case pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, contending that this court had already determined the issue and that the debt, if any, was discharged. At the hearing before this court, counsel for the debtors reported that the Superior Court judge stated that he is not familiar with bankruptcy laws and declined to dismiss the case. The debtors now wish to reopen their chapter 7 case so that they may pursue sanctions against Cemex for violation of the discharge injunction.

Cemex contends that the debt in question was not discharged pursuant to 11 U.S.C. § 523(a)(3), which excepts from discharge debts that are neither listed nor scheduled in time to permit a creditor to file a request for determination of dischargeability if the debt falls within the exceptions to discharge listed in § 523(a)(2), (4) or (6). Because the debts alleged are for fraud, the debts would fall within § 523(a)(2). Cemex maintains that the state court has concurrent jurisdiction to determine whether the debt is dischargeable, and though it came to this court initially to determine whether to proceed in this court or in state court, the court's decision did not preclude it from seeking relief in state court.

The question of concurrent jurisdiction is a complex one. In general, state and federal courts have concurrent jurisdiction to determine dischargeability of a debt. However, dischargeability under § 523(a)(2), (4), and (6) lies exclusively with the bankruptcy court. There is some question whether an <u>unlisted</u> debt that falls within these categories, that would then also be nondischargeable pursuant to § 523(a)(3), comes within the general rule of concurrent jurisdiction or the exception to the general rule that provides for exclusive jurisdiction. Some courts have concluded that an unlisted fraud nondischargeability action is "transmuted" into a nondischargeability action for an unlisted debt, and thus is subject to concurrent jurisdiction. <u>Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)</u>, 179 B.R. 913, 924 (Bankr. E.D. Cal. 1995) ("the penalty to the debtor for failing to schedule a fraud debt or otherwise to inform the creditor of the bankruptcy is forfeiture of the right to enjoy exclusive federal jurisdiction"); <u>In re Masa</u>, 217 B.R. 412, 413 (Bankr. W.D.N.Y. 1998) ("concurrent jurisdiction to determine that an unscheduled debt is nondischargeable pursuant to Section 523(a)(3)(B) exists"). The question, however, is not settled.

Whether or not the state court has concurrent jurisdiction is not determinative in this case. Here, Cemex first brought the matter to this court seeking to invoke this court's jurisdiction to except the debt from discharge. The court heard extensive evidence and found that Cemex has no claim against the debtors, and thus there was no reason to reopen the case to determine the dischargeability of a debt that does not exist.[2] The court did not rule that Cemex could then seek to relitigate the question in state court; the hearing before this court resolved the matter entirely.

Though the institution of the action in state court was improper given this court's prior resolution of the matter, because the law on concurrent jurisdiction falls in shades of gray, the court will not impose sanctions at this time. However, should Cemex proceed with its litigation in state court, the court will reopen the case and sanctions will be available needed.

**SO ORDERED**.

**END OF DOCUMENT**

---

[2] Section 523(a)(3) simply does not apply, because there is no debt to be listed and nothing to except from discharge.